USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/17/2020

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------X
UNITED STATES OF AMERICA,             :        **19 CR 643 (VM)**
                                      :
        -against-                     :
                                      :        **ORDER**
KENDALL NEWLAND,                      :
                                      :
                Defendant.            :
------------------------------------------------X

**VICTOR MARRERO, U.S.D.J.:**

Counsel for the Defendant, with the consent of counsel for the Government (see Attached Letter), requests that the Court authorize a magistrate judge to conduct a plea proceeding by video teleconference under Section 15002(b) of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), which allows for felony plea proceedings to be held via video teleconferencing only when the district judge "in a particular case finds for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice." See also In re Coronavirus/COVID-19 Pandemic, Second Amended Standing Order re: Video Teleconferencing and Telephone Conferencing for Criminal Proceedings, 20 Misc. 176, Dkt. No. 3, at 3 (S.D.N.Y. Sept. 16 2020) (authorizing the use of video conferencing for felony pleas only upon a finding by the presiding judge that the "proceeding cannot be further delayed without serious harm to the interests of justice.").

1

The Court is persuaded that the plea in this case cannot be further delayed without serious harm to the interests of justice. The Defendant has been incarcerated at the MCC under pandemic conditions, and he cannot resolve a pending matter in state court until he has resolved this case. Further delay of his plea proceeding will prevent him from availing himself of the Government's plea offer and from resolving his pending matter in state court. Additionally, it is not certain when the Court will be able to conduct the Defendant's plea in person. Conducting the Defendant's plea remotely therefore "promotes judicial economy." Cohen, 2020 WL 2539115, at *2. It "preempt[s] the parties' [potential] motions to this Court requesting further scheduling changes." Id.; United States v. Portolyoni, No. 09 CR 674, 2020 WL 5604047, at *3 (S.D.N.Y. Sept. 18, 2020). It also avoids adding to "the existing backlog of cases in the federal court system" and the "deluge of [requests for] hearings once in-person proceedings can safely resume." Cohen, 2020 WL 2539115, at *2.

**SO ORDERED:**

Dated: New York, New York
       17 November 2020

_____
Victor Marrero
U.S.D.J.

**LAW OFFICES OF**
**NATALI J.H. TODD, P.C.**

---

**NATALI J.H. TODD**  **26 COURT STREET**
**MEMBER: NY & MA BAR**  **SUITE 413**
 **BROOKLYN, NY 11242-1134**

---

Tel:  718-797-3055
Fax: 718-504-3900
E-mail: *natali_todd@yahoo.com*
www.natalitoddlawyer.com

November 17, 2020

Honorable Victor Marrero
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

Re:   U.S. v. Kendall Newland, 19 Cr. 643 (VM)

Dear Judge Marrero:

 I represent Mr. Newland pursuant to the Criminal Justice Act. Mr. Newland would like to schedule a change of plea hearing and accept the government's written plea offer to count one of the indictment. He would like to enter a plea remotely as soon as possible because he is currently being detained at MCC and recognize the impact of COVID-19 on in-court proceedings which has caused delays due to the highly contagious nature of the disease.

 Mr. Newland is currently serving a sentence on a state conviction but the delay of this case creates further delay with his state case and so he would like to resolve his federal case to avoid any additional time on the state case. Mr. Newland believes that it is in the interest of justice that he is permitted to plead guilty either telephonically or by video. The government consents. Thank you for your consideration.

Respectfully,
/s/
Natali Todd, Esq.

cc: AUSA Adam Hobson (by email)