USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/31/2025

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

KENDALL NEWLAND,

      Petitioner,

  - against -

FERNANDO GARZA,

      Respondent.

---

**19-CR-00643 (VM)**

**DECISION AND ORDER**

**VICTOR MARRERO, United States District Judge.**

  Pro se petitioner Kendall Newland ("Newland"), who is currently incarcerated at the United States Penitentiary Canaan in Waymart, Pennsylvania ("USP Canaan")[1], petitions the Court for habeas corpus pursuant to 28 U.S.C. § 2241 ("Section 2241"). He alleges that the Federal Bureau of Prisons ("BOP") failed to credit time he spent in federal pre-sentence custody against the federal sentence he is currently serving. For the reasons discussed below, Newland's petition is **DENIED**.

       **I. BACKGROUND[2]**

---

[1] The proper respondent for a prisoner's habeas petition is the petitioner's custodian, who is typically the warden of the prison in which the petitioner resides. See Simmons v. Fed., Prison Emps., of the Fed. Bureau of Prisons, 639 F. Supp. 2d 402, 403 n.1 (S.D.N.Y, July 31, 2009). Because Newland is petitioning pro se, however, the Court will treat Newland's petition as if he had named the warden of USP Canaan, Fernando Garza, as the respondent.

[2] The following factual summary is derived from Newland's representations contained in his Motion for Nunc Pro Tunc: Miscalculated Sentence under Rule 5(b) (construed by the Court as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241), dated September 30, 2025, and Newland's

On September 5, 2017, the New York County Supreme Court sentenced Newland to ten years' imprisonment for three criminal counts related to possession of and assault with a weapon. This state conviction is not related to the federal conviction for which Newland is currently serving time at USP Canaan.

On September 4, 2019, Newland was indicted on a federal charge of violent crime in aid of racketeering based on his involvement in an attack on another prisoner while incarcerated at Vernon C. Bain Center, a New York City jail. (Dkt. No. 1). On September 17, 2019, Newland was transferred from state to federal custody for prosecution pursuant to a writ. On December 9, 2020, Newland pled guilty to attempted murder in aid of racketeering (Dkt. No 62). On March 19, 2021, Newland was sentenced by this Court to a 120-month term of imprisonment, to be served consecutively to the undischarged term of state imprisonment. (Dkt. No. 66).

After receiving his federal sentence, Newland was returned to custody in a New York state run facility for the completion of his undischarged term of state imprisonment. Newland completed his state sentence on June 26, 2025, and

---

Presentence Investigation Report, dated March 2, 2021. Except where necessary, no further citation to these documents will be made.

was transferred to federal custody to begin serving his federal sentence that same day.

## II. DISCUSSION

### A. Review of Pro Se Petitions

As an initial matter, the Court is mindful that Newland is proceeding pro se, and that his submissions should thus be held to "less stringent standards than formal pleadings drafted by lawyers." Ferran v. Town of Nassau, 11 F.3d 21, 22 (2d Cir. 1993) (quoting Hughes v. Rowe, 449 U.S. 5, 9 (1980)). Moreover, when a plaintiff brings a case pro se, a district court must construe his pleadings liberally and interpret them "to raise the strongest arguments that they suggest." Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)). Still, pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law." Boddie v. New York State Div. of Parole, 285 F. Supp. 2d 421, 426 (S.D.N.Y. 2003) (quoting Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983)).

### B. Eligibility to Seek Relief

As an initial matter, although Newland styled his filing as a "Motion for Nunc Pro Tunc," the Court construes the motion as a petition for a writ of habeas corpus under Section

3

2241 because it "relates to [the] computation of pre-trial detention credit and effectively challenges the BOP's execution of this Court's sentence." United States v. Abernathy, No. 21 CR. 0323, 2023 WL 6977393, at *2 (S.D.N.Y. Oct. 23, 2023).[3] Section 2241, is "available to a federal prisoner who does not challenge the legality of his sentence, but challenges instead its execution subsequent to his conviction." Carmona v. United States Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001).

First, a Section 2241 petition must be brought "in the district of confinement." Rumsfeld v. Padilla, 542 U.S. 426, 447 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."); see also 28 U.S.C. § 2241(a). Newland is confined at USP Canaan in Waymart, Pennsylvania, which is located within the jurisdiction of the

---

[3] Nunc pro tunc refers to an administrative process where a prisoner can retroactively request the BOP for pre-sentence credit toward a federal sentence for time spent in service of a state sentence. See Barden v. Keohane, 921 F.2d 476, 483-84 (3d Cir. 1990); see also Fed. Bureau of Prisons, U.S. Dep't of Just., PS 5160.05, Designation of State Institution for Service of Federal Sentence 5 (2003). While the BOP is required to adjudicate a prisoner's request for nunc pro tunc, it is not required to grant it. See Barden, 921 F.2d. at 483-84. Only once the petitioner has exhausted the BOP's administrative remedies may they "seek a writ of habeas corpus." Sester v. United States, 566 U.S. 231, 244 (2012). Given Newland's failure to engage with the BOP's administrative process, as discussed further below, nunc pro tunc is not a viable path for relief.

United States District Court for the Middle District of Pennsylvania. Newland should have sought relief from the United States District Court for the Middle District of Pennsylvania, which has the proper jurisdiction to enter an order concerning the execution of his federal sentence. Therefore, this Court does not have the power to grant the relief that Newland seeks.

Second, to receive judicial review pursuant to Section 2241, Newland must have exhausted his administrative remedies. See Carmona 243 F.3d at 634 (citing Guida v. Nelson, 603 F.2d 261, 262 (2d Cir. 1979)). "A court may excuse a petitioner's failure to comply with the exhaustion requirement 'if (1) available remedies provide no genuine opportunity for adequate relief, (2) irreparable injury may occur without immediate judicial relief, (3) administrative appeal would be futile, [or] (4) in certain instances, a plaintiff had raised a substantial constitutional question.'" Bracamonte v. Von Blanckensee, No. 18 Civ. 166, 2019 WL 1368084, at *2 (S.D.N.Y. Mar. 26, 2019) (quoting Beharry v. Ashcroft, 329 F.3d 51, 62 (2d Cir. 2003).

Even if this Court had the power to grant Newland relief in this matter, it is far from clear whether Newland has exhausted his administrative remedies. The petition includes

5

no records indicating that Newland has attempted to engage in the administrative process. Newland also does not claim any exception that would excuse this failure to comply with the exhaustion requirement and based on the Court's review of Newland's petition, it does not appear that any are applicable. Because Newland has not exhausted his available administrative remedies and no exception is applicable, his petition is denied.

Alternatively, even if the court had proper subject matter jurisdiction and Newland had exhausted his administrative remedies, his petition would have to be denied on the merits, as discussed below.

### C. The BOP's Computation of Newland's Federal Sentence

Newland's sole claim for relief is that the BOP improperly calculated his time served for the pre-sentence time he spent in federal custody between September 17, 2019, and when his sentence was imposed by this Court on March 19, 2021.

"A sentence to a term of imprisonment commences on the date the defendant is received in custody[.]" 18 U.S.C. § 3585(a). "A federal sentence does not begin to run, however, when a prisoner in state custody is produced for prosecution in federal court pursuant to a federal writ of habeas corpus

6

ad prosequendum." U.S. v. Evans, 159 F.3d 908, 910-12 (4th Cir. 1998). This is because "the state retains primary jurisdiction over the prisoner," with the federal sentence commencing "only when the state authorities relinquish the prisoner on satisfaction of the state obligation." United States v. Smith, 812 F. Supp. 368, 370-71 (E.D.N.Y.1993).

Here, Newland was in state custody when he was transferred to federal custody for prosecution by writ of habeas corpus ad prosequendum while he was still serving his state sentence. Since "a federal sentence does not begin to run . . . when a prisoner in state custody is produced for prosecution in federal court pursuant to a federal writ of habeas corpus ad prosequendum," Newland was still legally in state custody pursuant to his state sentences. Evans, 159 F.3d at 912. Because the state retained primary jurisdiction, Newland's pre-sentence period between September 17, 2019, and March 19, 2021, was properly credited toward Newland's state sentences, and not toward his federal sentence.

Finally, the Court also notes that the sentencing court can only make non-binding recommendations to the BOP regarding sentencing credit. Credit time under 18 U.S.C. § 3585 "is granted by the Attorney General through the Bureau of Prisons after a defendant is sentenced, not by a district

7

court at the time of sentencing." <u>United States v. Keller</u>, 58 F.3d 884, 894 (2d Cir. 1995).

Accordingly, finding no basis for relief in this action, the Court denies Newland's petition.

### III. ORDER

For the reasons stated above it is hereby

**ORDERED** that the petition (Dkt. No. 117) of petitioner Kendall Newland for a writ of habeas corpus is **DENIED**.

The Clerk of Court is directed to withdraw any pending motions and to close this case.

**SO ORDERED.**

Dated:   31 October 2025
         New York, New York

_____
Victor Marrero
U.S.D.J.